UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLBY KINCHEN** | * | **CIVIL ACTION NO.** |
| | * | |
| **Plaintiff** | * | **JUDGE** |
| | * | |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **STATE FARM FIRE AND** | * | |
| **CASUALTY COMPANY** | * | **A JURY IS DEMANDED** |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

**NOW INTO COURT,** through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company (hereinafter "Defendant" or "State Farm"), who submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I.   BACKGROUND**

1.

On August 25, 2023, Plaintiff, Colby Kinchen, filed this lawsuit against State Farm in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing Docket No. 2023-03335. *See* Exhibit 1, Plaintiff's Petition for Damages.

2.

This lawsuit suit seeks damages from Defendant for property damages allegedly sustained by Plaintiff and allegations of improper claim handling by State Farm as a result Hurricane Ida on August 29, 2021. *See id.*

1

3.

The petition seeks recovery for property damages under a policy of insurance issued by State Farm, as well as additional damages including damaged personal property, additional living expenses, and an increased costs of construction, repair, and remediation. *See id*.

4.

Plaintiff is a person of majority and domiciliary of the State of Louisiana. Plaintiff is the owner of the home and property at 23031 Powell Lane, Robert, Louisiana 70455. *See id*.

5.

Plaintiff contends State Farm issued an insurance policy to Plaintiff for the property at 23031 Powell Lane, Robert, Louisiana 70455. *See Exhibit 1*.

6.

The Petition contends State Farm Fire and Casualty Company is a foreign insurance corporation, domiciled in the State of Illinois, and authorized to do and doing business in the State of Louisiana. *See id.*

7.

State Farm was served with the Petition for Damages through the Secretary of State on October 18, 2023, and through CSC on October 24, 2023. *See* Exhibit 2, Notice of Service of Process.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

### A. AMOUNT IN CONTROVERSY IS SATISFIED

8.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of

interest and costs, and is between (1) citizens of different States . . . ."

9.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *See Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

10.

In this case, the facts in controversy support a finding that Plaintiff's damages likely exceed $75,000.

11.

Plaintiff's counsel has provided an estimate prepared by Tangeaux Specialty Roofing, Inc., totaling $34,615.99 for repair to the dwelling. (*See*, Exhibit "3"-Estimate hereto attached).

12.

To date, State Farm has made payments totaling $11,105.00.

18.

Additionally, in Plaintiff's Petition, Plaintiff asserts that he has "suffered the following non-exclusive damages: diminution of property value, actual repair costs, reimbursement for personal repairs, mitigation expenses, delay damages, demolition/cleaning expenses, mental anguish, and attorney fees. (Exhibit 1-Plaintiff's Petition for Damages Par. 41).

19.

Plaintiff also seeks bad faith penalties pursuant to La. R.S. § 22:1973 and La. R.S. § 22:1892. If Plaintiffs were able to prove that State Farm failed to timely make payments to them as required by the Louisiana insurance bad faith statutes "[w]hen such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars whichever is greater payable to the insured…. or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs" La. R.S. 22:1892 B.  Thus, such an award could expose State Farm Fire and Casualty Company to a penalty of 50% of Plaintiff's $34,615.00 estimate, plus 50% of penalties on the $11,100.00 payments already made, totaling an additional $22,857.50.

14.

Further, a bad faith award includes attorney's fees which are permitted by law and are included in determining the amount in controversy for satisfaction of federal jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). *See, e.g., Shepard v. State Farm Mut. Auto. Ins. Co.,* 545 So. 2d 624, 631 (La. App. 4th Cir. 1989) ($80,000 in attorneys' fees awarded pursuant to La. RS. 22:658); *Fuqua v. Aetna Cas.* & Sur. Co., 542 So. 2d 1129, 1134 (La. App. 3d Cir. 1989) (same, awarding $100,000 in attorneys' fees).

16.

Plaintiffs' Petition does not offer a binding stipulation or renunciation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00. *See Davis v. State Farm Fire & Cas. Co.*, No. 06-560, 2006 U.S. Dist. LEXIS 37225 at *7 (E.D. La. June 7, 2006)

4

(Vance, J.) (Citing to La. Code Civ. Proc. art. 862); *Treadway v. State Farm Mut. Auto Ins. Co.*, No. 11-2965, 2012 U.S. Dist. LEXIS 8536, 2012 WL 219369 (E.D. La. Jan. 25, 2012) (Feldman, J.) See also *Reeves v. TPI Restaurants, Inc.,* 05-1778, 2007 U.S. Dist. LEXIS 35999 at *5, 2007 in which Magistrate Judge Kirk found that "[p]laintiffs' attempted stipulation that their damages do not exceed $75,000 would have to have been filed with the petition in order to have been effective." (citing to *DeAguliar v. Boeing Co*. 47 F. 3d 1404 (5th Cir. 1995); *recommendation adopted* (W.D. La. May 3, 2007) (Drell, J.).

17.

Plaintiff's Petition also does not contain an allegation required by La. Code of Civil Procedure Article 893 A. (1) that "[i]f a specific amount of damages is necessary to establish…the **lack of jurisdiction of federal courts due to insufficiency of damages**… a general allegation that the claim exceeds or is less than the requisite amount is required." Federal Courts within Louisiana have held that a plaintiff's failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is entitled to some consideration although in and of itself is not determinative of the amount in controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018) (citations omitted); *Joseph v. State Farm Mutual Automobile Co*., 11-122, 2011 WL 2899127 at *2 (E.D. La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. State Farm Mutual Automobile Ins. Co*., 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna, M.J.) (citations omitted).

20.

While Defendant admits no liability, nor any element of damages, Defendant has met its burden of showing that the amount in controversy is likely to exceed SEVENTY-FIVE

THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs in application of the statutory penalties and attorney fees described in the foregoing paragraphs.

### B. ALL PARTIES ARE DIVERSE

21.

Plaintiff admits that he is a person of the age of majority and domiciled in Tangipahoa Parish, Louisiana. *See* Exhibit 1.

22.

State Farm Fire and Casualty Company is a foreign insurer incorporated in the state of Illinois with its principal place of business in the State of Illinois. *See* Exhibit 4, Louisiana Department of Insurance Listing for State Farm Fire and Casualty Company.

23.

Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

### C. DEFENDANT HAS SATISFIED THE JURISDICTIONAL REQUIREMENTS FOR REMOVAL

24.

Given the above, this is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et. seq.*, as the amount in controversy is likely to $75,000.00, exclusive of interests and costs, and complete diversity exists between all adverse parties. As such, removal is appropriate.

25.

The 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(c). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place

where such action is pending."

26.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition for Damages is attached hereto and marked by identification as Exhibit "1." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon the Plaintiff and a copy is being filed with the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa.

27.

No previous application has been made for the relief requested herein.

28.

Consistent with the provisions under 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

29.

By filing this Notice of Removal, Defendant does not waive and hereby reserves all defenses and objections.

30.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

31.

Defendant is entitled to and requests a trial by jury herein on all issues.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Insurance Company, respectfully prays that the above-numbered and entitled cause of action on the docket of 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be hereby removed from said court to the docket of United States District Court for the Eastern District of Louisiana, for a

trial by jury herein, and for all other general and equitable relief.

Respectfully submitted,

/s/ *Lindsay G. Faulkner*
PETER J. WANEK (# 23353)
LINDSAY G. FAULKNER (#33863)
MEGAN T. JAYNES (#34785)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone:  504-324-6493
Facsimile:  504-324-6626
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via electronic mail to all counsel of record and filed electronically with the Clerk of Court using the CM/ECF system this  8th  day of November, 2023.

/s/ *Lindsay G. Faulkner*
